DECISION AND JUDGMENT ENTRY
This is an appeal from a Lucas County Court of Common Pleas decision which, after a hearing pursuant to R.C. 2950.09, found appellant, Kwame Garnett, to be a sexual predator. The trial court's decision is affirmed for the reasons that follow.
Appellant sets forth the following assignment of error:
 "THE EVIDENCE WITH WHICH APPELLANT WAS CLASSIFIED AS A SEXUAL PREDATOR DID NOT REACH THE REQUIRED LEVEL OF CLEAR AND CONVINCING."
The facts relevant to this appeal are as follows. On August 2, 1996, appellant was indicted on three counts of felonious sexual penetration. Then, on October 9, 1996, as part of a plea agreement, appellant pled guilty to the lesser included offense of attempted felonious sexual penetration for counts 1 and 2. On November 19, 1996, appellant was then sentenced to five to fifteen years for counts 1 and 2, to be served concurrently. Count 3 was nolled at the request of the state. Then, a sexual offender classification hearing was held on March 16, 2000, and on March 20, 2000, the trial court found appellant to be a sexual predator. Appellant now argues that this classification was not supported by clear and convincing evidence.
A sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C.2950.01(E). Pursuant to R.C. 2950.09(B)(2), when determining whether an offender is a sexual predator, the trial court must consider all relevant factors, including, but not limited to the following:
"(a) The offender's age;
 "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 "(g) Any mental illness or mental disability of the offender;
 "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
In order for a trial court to make a finding that an offender is a sexual predator, the court must consider the above factors, along with the testimony and evidence presented, and determine whether there is clear and convincing evidence that the offender is a sexual predator. R.C. 2950.09(C)(2)(b). Clear and convincing evidence is that degree of evidence that will create in the mind of the trier of fact a firm conviction as to the allegations sought to be proved. Cross v. Ledford
(1954), 161 Ohio St. 469, paragraph three of syllabus. It is our duty to review the record to determine whether there was sufficient evidence before the trial court to meet the clear and convincing standard. Statev. Schiebel (1990), 55 Ohio St.3d 71, 74.
The court does not need to find all of the R.C. 2950.09(B)(2) factors in order to classify an offender as a sexual predator. State v. Fenton (May 26, 2000), Ottawa App. No. OT-99-035, unreported.
In the present case, the trial court heard the testimony of Dr. John Pansky and Dr. Wayne Graves, as well as reviewed their reports, the presentence investigation report, and a Court Diagnostic Treatment Center presentence report authored by Dr. David K. Connell. The state's witness, Dr. Pansky, recommended that appellant be classified as a sexual predator as he believes that appellant is likely to reoffend. This recommendation was based, in part, upon appellant's history, which included a chaotic childhood and being sexually abused at a young age, a pornography "addiction", the fact that the instant offense was three separate incidents involving a seven year old girl and "multiple deviant behaviors," the fact that he lacked insight into the cause of his behavior, and the fact that he had not received any treatment. He did, however, acknowledge certain factors listed in R.C. 2950.09(B)(2) which were not present, including that there was only one conviction and one victim, substances were not used to impair the victim, no torture was involved, the victim's life was not endangered, and that appellant had no prior criminal history, other than traffic citations. He also acknowledged that, according to the Minnesota Sex Offender Screening Tool-Revised (MnSOST-R), appellant was in a low risk group for reoffending, although Dr. Pansky stated that the MnSOST-R did not take into consideration appellant's history of sexual deviance, which current research has shown to be important in determining recidivism.
Appellant's witness, Dr. Wayne Graves, recommended that appellant be classified as a sexually oriented offender as he did not believe appellant was likely to reoffend. Of importance to Dr. Graves was appellant's age (thirty-two at the time of the hearing), the fact that the child was appellant's girlfriend's and therefore essentially related, the fact that appellant did not use substances to impair his victim or did he threaten or torture her, that appellant was open and had expressed remorse in his interview and had not had any problems while incarcerated. Dr. Graves, however, also testified that according to the Sex Offender Risk Appraisal Guide, appellant has a 39 percent probability of reoffending before seven years, and a 59 percent probability at ten years.
In addition to the above witnesses, the court also reviewed a presentence evaluation done by Dr. David K. Connell in October 1996. According to Dr. Connell's report, appellant had many characteristics which would suggest a higher probability of reoffending.
Based upon the foregoing, this court finds that the trial court had before it clear and convincing evidence to support its finding that appellant is a sexual predator. Accordingly, appellant's sole assignment of error is not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair hearing and the judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
James R. Sherck, J., Mark L. Pietrykowski, P.J., CONCUR.
 ____________________________ Richard W. Knepper, J.
JUDGE